IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

| | |
|---|---|
| SAILDRONE, INC., | |
| Plaintiff, | **PUBLIC VERSION** |
| v. | Case No. 26-944 (Judge Hadji) |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| HII UNMANNED SYSTEMS, INC., *et al.*, | |
| Defendant-Intervenors. | |

DEFENDANT'S NOTICE OF CORRECTIVE ACTION

PLEASE TAKE NOTICE THAT the Department of Navy has decided to take corrective action in this case as set forth in the attached memorandum. Based on the corrective action, Saildrone, Inc. has agreed to file a stipulation dismissing this protest with prejudice and with each party to bear its own attorney fees and costs.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Assistant Director
Commercial Litigation Branch
Department of Justice
P.O. Box 480
Ben Franklin Station

Washington, DC 20044
Tel: (202) 353-9303

Of Counsel:

GWENDOLYN IACI
Supervisory Associate Counsel
EMILY RUBINO
Attorney Advisor
BENJAMIN DEARDEN
Attorney Advisor
NAVSEA Office of Counsel
1333 Isaac Hull Avenue, Bldg 197
Washington Navy Yard, DC 20376

November 24, 2026

Attorneys for Defendant United States

MEMORANDUM FOR THE RECORD

SUBJECT: Decision to Take Corrective Action: Award of Prototype Other Transaction Agreement to Saildrone, Inc. in connection with Solicitation No. N00024-26-R-6326 and Related Measures

I. Background

Request for Prototype Proposals No. N00024-26-R-6326 (the solicitation) was issued on March 26, 2026 to accelerate the design, development, and demonstration of medium unmanned surface vessels (MUSVs). Specifically, the solicitation sought proposals for the award of prototype other transaction (OT) agreements pursuant to 10 U.S.C. § 4022 to one or more offerors to perform an MUSV autonomy and vessel performance test. The solicitation advised offerors that the Navy, specifically, DRPM RAS (formerly PAE RAS), seeks mature solutions that satisfy the vessel and autonomy performance requirements set forth in the solicitation and that are able to complete an MUSV autonomy and vessel test by the end of fiscal year 2026. The solicitation required offerors to submit proposals addressing four criteria – Proposed Business Model (Criteria 1), Vessel Solution Design (Criteria 2), Manufacturing Readiness to Support the Future Production of MUSV (Criteria 3), and Plan for Test Execution to Complete an On-Water MUSV Test Event (Criteria 4). The solicitation advised offerors that Criteria 1 would not be rated and that Criteria 2, 3 and 4 would be rated "Acceptable" or "Unacceptable" and that an unacceptable rating in any of these criteria would result in the proposal being deemed unacceptable and not eligible for a prototype OT award.

In response, the Navy received 25 proposals by the solicitation closing date and time, including a proposal from Saildrone, Inc. (Saildrone). The technical team evaluated each proposal and found that seven were acceptable, but Saildrone's proposal was not among them. Based on these results, the Navy awarded a prototype OT to each of the seven offerors who submitted acceptable submissions. The results of this evaluation are documented in an evaluation report titled "MUSV RPP Results" and dated May 13, 2026. The Navy provided further explanation to offerors in the form of debriefings. As set forth in the MUSV RPP Results and the Saildrone debriefing, the technical team rated Saildrone's proposal "Unacceptable" under Criteria 2, 3 and 4.

On June 30, 2026, Saildrone filed a bid protest in the United States Court of Federal Claims. Saildrone argued, among other things, that the "Unacceptable" findings under Criteria 2, 3 and 4 were the product of disparate treatment and thus were arbitrary and capricious. The Navy subsequently withdrew the unacceptable findings under Criteria 3 and 4 because it had determined that there were some variances in evaluations of certain proposals under Criteria 3 and 4 as argued by Saildrone. With respect to Criterion 2, Saildrone's disparate treatment claim revolved around the Navy's evaluation of similar information in proposals submitted by Saildrone and Sea Machines Robotics, Inc. On October 29, 2026, the Court issued an opinion holding that the Navy had engaged in disparate treatment, ordering that the Navy's "Unacceptable" finding under Criterion 2 is set aside, and remanding for 60 days for the Navy to reevaluate Saildrone's proposal under Criterion 2 consistent with the solicitation and the Court's opinion and applying to Saildrone's proposal the same approach it applied to the proposals it advanced.

II. Award Decision

Because the Court has determined that there was disparate treatment in evaluations of certain proposals under Criteria 2 as argued by Saildrone, and because of the apparent litigation risk associated with further litigation of this issue, the Navy has determined that corrective action is appropriate and is in the best interests of the United States. Such corrective action will include awarding Saildrone a prototype OT agreement pursuant to the solicitation and taking other related measures as set forth below.

III. Corrective Measures

For the reasons set forth above, the Navy has decided to promptly take the following corrective actions: (1) award Saildrone a prototype Other Transaction Agreement under Request for Prototype Proposals No. N00024-26-R-6326, including payment of $10,000; (2) under that prototype OT agreement, (a) allow Saildrone to test its prototype against the same criteria incorporated into the seven prototype agreements that the Navy awarded under Solicitation No. N00024-26-R-6326,[1] provided that Saildrone completes such test and delivers to the Navy a test report within 125 days of the prototype OT award, and (b) if Saildrone's prototype test is successful, (i) the Navy will pay Saildrone $15 million, (ii) the Navy will provide Saildrone a successful completion memo that allows it to move on to the MUSV Marketplace, and (iii) the Navy will negotiate with Saildrone to award a production Other Transaction Agreement not to exceed a total of $90 million for two MUSVs, with delivery of vessel 1 by March 2028 and delivery of vessel 2 by September 2028; and (3) in the meantime, the Navy will take administrative steps to ensure that $105 million of appropriated and obligated funds remain unspent and available for this corrective action and any further administrative actions consistent with the foregoing until such time as the Navy has made a final decision.

IV. Conclusion

As set forth above, the Navy will take the corrective actions set forth above.

CONNOR.ERIN.NICOLE.1256415409
Digitally signed by CONNOR.ERIN.NICOLE.1256415409
Date: 2026.11.23 18:03:52 -05'00'

CAPT Connor
Program Manager, Surface Warfare Program Management Office

JOWORSKI.TYLER.J.1516561234
Digitally signed by JOWORSKI.TYLER.J.1516561234
Date: 2026.11.23 15:08:03 -08'00'

Tyler Joworski
Agreements Officer

---

[1] Specifically, the agreement's test criteria will reflect revision 4 of the Attachment J-5, Test Plan for Medium Unmanned Surface Vessel, issued on August 17, 2026.